[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11792

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                                                Plaintiff-Appellee,

*versus*

DAVID SCHIEFERLE,

                                                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20083-KMW-1

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant David Schieferle appeals his convictions for two counts of illegal importation of a firearm or ammunition and one count of possession of an unregistered firearm. First, Schieferle contends that the district court erred in denying his motion to suppress because law enforcement's affidavit in support of the search warrant was insufficient to establish probable cause. Second, Schieferle argues that the district court erred by denying his motion for judgment of acquittal because the government failed to prove the elements of the charges. Lastly, Schieferle maintains that the Second Amendment protects his right to possess firearm silencers. After careful review, we affirm.

**I.**

Because we write for the parties and assume their familiarity with the record, we set out only what is necessary to explain our decision.

We review denials of motions to suppress under a mixed standard of review, "reviewing the district court's findings of fact for clear error and its application of law to those facts de novo." *United States v. Anton*, 546 F.3d 1355, 1358 (11th Cir. 2008) (quotation marks omitted). We also review de novo whether the good-faith exception to the warrant requirement rule applies to a particular case. *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002).

The Fourth Amendment requires that all search warrants be supported by probable cause and include a particularized description of the place to be searched and the items to be seized. U.S. Const. amend. IV. To establish probable cause to search a residence, the affidavit submitted in support of the search warrant must "establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Martin*, 297 F.3d at 1314. "The information in the affidavit must also be fresh." *Id*. "Generally, probable cause exists to support a search warrant when the totality of the circumstances indicates that there is a fair probability of discovering contraband." *Anton*, 546 F.3d at 1358.

Affidavits supporting search warrants are presumptively valid, and a defendant is not entitled to an evidentiary hearing unless he makes a substantial preliminary showing. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). He must allege with specificity that (1) the affiant made false statements; (2) the false statements were made either intentionally or with reckless disregard for the truth, not mere negligence or mistake; and (3) the false statements were necessary to the finding of probable cause. *Id*. at 171–72. The defendant's allegations must be accompanied by a statement of reasons and affidavits or otherwise reliable statements of witnesses, or an explanation for their absence. *Id*. at 171. Material omissions, like material falsehoods, may give rise to entitlement to a *Franks* hearing. *See Madiwale v. Savaiko*, 117 F.3d 1321, 1326–27 (11th Cir. 1997).

When a warrant is found to be so deficient that it does not establish probable cause, the exclusionary rule requires that the fruits of an unconstitutional search not be used in a subsequent criminal prosecution. *Martin*, 297 F.3d at 1312. However, there is a good-faith exception to the exclusionary rule. *Id.* The good-faith exception only requires evidence be excluded where the officers "were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 1313 (quotation marks omitted).

There are four situations in which the good-faith exception will not apply: (1) where the magistrate or judge was misled by information that the affiant knew was false or was reckless in determining its veracity; (2) where the magistrate or judge wholly abandoned his judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume its validity. *United States v. Morales*, 987 F.3d 966, 974 (11th Cir. 2021). If none of those circumstances exist, we proceed "to determine whether the executing officer reasonably relied upon the search warrant." *Id.* (internal quotation marks omitted).

Here, the affidavit contained information sufficient to establish probable cause. *Anton*, 546 F.3d at 1358. The affidavit stated that law enforcement intercepted two packages—shipped from China to Schieferle's home—containing twelve suspected silencers. It indicated that, in a seven-month period, Schieferle received

eighteen packages from China. Additionally, these packages originated from addresses known to law enforcement to be associated with importing silencers.

Even if this evidence was not sufficient to establish probable cause, the district court correctly determined in the alternative that the good-faith exception was applicable, as it was not so clearly lacking that it was unreasonable for officers to rely on it. *Martin*, 297 F.3d at 1312. Further, none of the carveouts to the good-faith exception apply because Schieferle's claim of false statements or material omissions was too conclusory. *See Franks*, 438 U.S. at 171–72. Thus, we affirm in the district court's denial of Schieferle's suppression motion.

## II.

We review de novo a district court's denial of a judgment of acquittal on sufficiency of evidence grounds, considering the evidence in the light most favorable to the government, and drawing all reasonable inferences and credibility choices in its favor. *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir. 2013). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* at 1297 (quotation marks omitted). The evidence need not rule out every result except guilt, and the jury is free to choose amongst the reasonable conclusions stemming from the evidence presented at trial. *Id.* "[W]hen the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *Id.* (quotation

marks omitted). Further, "[t]he jury is free to believe the testimony of one witness and reject the testimony of another." *United States v. Murray*, 527 F.2d 401, 410 (5th Cir. 1976).[1]

Section 921 defines "firearm" and includes in its definition "any firearm muffler or firearm silencer." 18 U.S.C. § 921(a)(3). Furthermore, section 921 defines a "firearm silencer" and "firearm muffler" as: "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication." *Id.* § 921(a)(25).

Under 26 U.S.C. § 5861(d), the government must prove beyond a reasonable doubt that: (1) the defendant possessed a firearm within the meaning of § 5845(a)[2] of the National Firearms Act (NFA); (2) the defendant knew the features of the firearm that brought it within the scope of the NFA; and (3) the firearm was not registered to the defendant. *United States v. Wilson*, 979 F.3d 889, 903–04 (11th Cir. 2020). Although the requisite mens rea to prove a violation of § 5861(d) is knowledge, that mens rea does not attach to each element of that offense. *Id.* at 904. While the government must prove the fact that the weapon was unregistered and that the

---

[1] All decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] 26 U.S.C. § 5845(a) defines a firearm, in part, as "any silencer (as defined in section 921 of title 18, United States Code)."

23-11792               Opinion of the Court                        7

defendant was aware that his weapon possessed any of the features detailed in § 5845(a), it need not prove that the defendant knew the weapon was unregistered, that the defendant knew his possession of the weapon was unlawful, or that he knew what features define a firearm under § 5845(a). *Id.* at 904–05. The defendant need only be aware of *one* of the weapon's features that brings it under the definition in § 5845(a), not each feature or particular feature. *Id.* at 905.

Under 18 U.S.C. § 922(l), it is unlawful for a person to "knowingly . . . import or bring into the United States . . . any firearm or ammunition."

Here, the district court did not err in denying Schieferle's motion for judgment of acquittal because the evidence, considered in the light most favorable to the government, supports the jury's conviction on all counts. *See Capers*, 708 F.3d at 1296. Wayne Moser, an Alcohol, Tobacco, Firearms and Explosives (ATF) firearms enforcement officer, testified as an expert that most of the devices needed a hole drilled through them to function, while two of the devices would be complete when assembled. He tested one of the devices and it reduced the sound of a firearm "by over 17 decibels," so that hearing protection would no longer be needed when firing. Schieferle's expert witness, Richard Vazquez, a former ATF firearms enforcement officer, also conceded that one of these devices could be used as a silencer without modification.

The other devices also seemed to constitute silencers despite needing an additional hole to complete the design because a

8                      Opinion of the Court                      23-11792

silencer is defined as "any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer." 18 U.S.C. § 921(a)(25). Further, the jury reasonably concluded that Schieferle knew that the silencers originated outside the United States. The evidence, reasonably construed in the light most favorable to the government, supports the conclusion that Schieferle knew that the devices he possessed had the features of a silencer that subjected them to registration under the NFA and originated in China. *See Wilson*, 979 F.3d at 903–05. Thus, we affirm the district court's denial of Schieferle's judgment of acquittal motion.

### III.

We review the constitutionality of a statute de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, if such an argument is raised for the first time on appeal, we review it for plain error. *See id.* An error is only plain if it is contrary to a federal statute or on-point precedent in our circuit or the U.S. Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (per curiam). Neither we nor the Supreme Court have addressed whether silencers are protected by the Second Amendment.

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, the Supreme Court considered a Second Amendment challenge to New York's licensing regime for the carrying of handguns in public. 597 U.S. 1, 11–12 (2022). The Court explained the standard for applying the Second Amendment:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 24 (quoting *Konigsberg v. State Bar Cal.*, 366 U.S. 36, 50 n.10 (1961)). Notably, the Court did not address whether the Second Amendment protects firearm silencers. *See generally id.*

As an initial matter, plain error review applies because Schieferle raised his Second Amendment argument for the first time on appeal. Further, even assuming the district court erred by failing to sua sponte determine the constitutionality of § 5861(d) and § 922(l) under the Second Amendment, the error cannot be plain because neither we nor the Supreme Court have addressed the specific issue of whether silencers are protected by the Second Amendment. *See Hoffman*, 710 F.3d at 1232. To the extent Schieferle relies on *Bruen*, that case did not directly address whether silencers constitute "arms" under the Second Amendment. *See Bruen*, 597 U.S. at 8–11. Accordingly, the district court did not plainly err by failing to sua sponte determine the constitutionality of either statute under the Second Amendment. As such, we affirm.

**AFFIRMED.**